I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED
BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.

Priority ✗
Send ✗
Enter
Closed
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

DATE: 12/6/04

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

DEC   6 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| COMITE DE JORNALEROS DE REDONDO BEACH, an unincorporated association; NATIONAL DAY LABORER ORGANIZING NETWORK, an unincorporated organization,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF REDONDO BEACH<br><br>        Defendants. | No.  CV04-9396 CBM<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

DOCKETED ON CM

DEC - 7 2004

BY _____ 009

The matter before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, filed on November 18, 2004.   Pursuant to a stipulation between the parties, a hearing on the TRO occurred on December 6, 2004, the Honorable Consuelo B. Marshall presiding.

Upon consideration of the papers submitted, the Court GRANTS the Temporary Restraining Order and issues an Order to Show Cause Re Preliminary Injunction.   The Court finds that there are serious questions as to whether Section 3-7.1601 of the Redondo Beach Municipal is constitutional on its face and as applied to day laborers under the First Amendment.   Specifically, the Court finds

1    that there are serious questions as to whether the ordinance is content-neutral,

2    whether it is narrowly tailored to a legitimate government interest, and whether it

3    leaves open ample alternative channels for communication. *See Ward v. Rock*

4    *Against Racism,* 491 U.S. 781, 791, 105 L. Ed. 2d 661, 109 S. Ct. 2746 (1989).

5    While Defendant argues that *ACORN v. City of Phoenix*, 798 F.2d 1260 (9th Cir.

6    1986) controls this case, the Court finds that the facts contemplated by the Ninth

7    Circuit in *ACORN* were very different from the facts here and that subsequent

8    Supreme Court authority raises serious questions as to whether the Redondo Beach

9    ordinance is a valid time, place and manner restriction on speech.

10          In addition, the Court finds that there is a possibility of irreparable harm and

11   that the balance of hardships tilts sharply in Plaintiff's favor. *See S.O.C., Inc. v.*

12   *County of Clark,* 152 F.3d 1136, 1148 (9th Cir. 1998) ("The loss of First

13   Amendment freedoms, for even minimal periods of time, unquestionably

14   constitutes irreparable injury.").   Furthermore, the hardship that day laborers face

15   due to possible arrests, fines, and loss of livelihood outweighs the potential

16   disruption of traffic flow and quality of life issues asserted by the City of Redondo

17   Beach.  *See* Newman Dec. ¶10-12.

18          Based on the foregoing, DEFENDANT CITY OF REDONDO BEACH is

19   ORDERED TO SHOW CAUSE at 9 a.m. on **December 13, 2004** as to why it, its

20   agents, servants, employees, and those in active concern or participation with them,

21   should not be restrained and enjoined pending trial of this action from undertaking

22   any steps to enforce Section 3-7.1601 of Redondo Beach Municipal Code and its

23   prohibitions, including but not limited to the following:

24          (a) issuing citations or making arrests for alleged violations of Section 3-

25   7.1601 of Redondo Beach Municipal Code;

26          (b) issuing warnings, barring contact between day laborers and employers or

27   otherwise intimidating, threatening, or discouraging day laborers' solicitation of

28   work while in public rights-of-way; or

1    (c) prosecuting or perusing penalties for persons arrested and/or accused of

2  violating Section 3-7.1601.

3    Any briefs in response to this Order to Show Cause shall be filed and served

4  by overnight delivery on opposing counsel no later than **December 9, 2004 at 12**

5  **p.m.**

6    Furthermore, PENDING HEARING on the above Order to Show Cause,

7  DEFENDANT CITY OF REDONDO BEACH, its agents, servants, employees, and

8  all those in active concert or participation with it, ARE RESTRAINED AND

9  ENJOINED FROM undertaking any steps to enforce Section 3-7.1601 of Redondo

10  Beach Municipal Code and its prohibitions, including but not limited to the

11  following:

12    (a) issuing citations or making arrests for alleged violations of Section 3-

13  7.1601 of Redondo Beach Municipal Code;

14    (b) issuing warnings, barring contact between day laborers and employers or

15  otherwise intimidating, threatening, or discouraging day laborers' solicitation of

16  work while in public rights-of-way; or

17    (c) prosecuting or perusing penalties for persons arrested and/or accused of

18  violating Section 3-7.1601.

19    At the hearing on December 13, 2004, the parties should be prepared to

20  address whether any bond or security should be required pursuant to Federal Rule

21  of Civil Procedure 65(c).

22  **IT IS SO ORDERED.**

23  **DATE:**   December 6, 2004

24

25                          **CONSUELO B. MARSHALL**

26                          **UNITED STATES DISTRICT JUDGE**

27

28